# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2026

Lyle W. Cayce
Clerk

No. 25-60639
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OMAR DEANGELO CHARLESTON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:24-CR-111-1

Before JONES, HO, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Omar Deangelo Charleston appeals his within-guidelines sentence of 121 months of imprisonment following his guilty verdict convictions for kidnapping, interstate domestic violence, and stalking.

To the extent that Charleston argues that he was prejudiced due to having a jury pool lacking a representation of his peers, his claim is time

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

barred. *See* 28 U.S.C. § 1867(a); *United States v. Merlino*, 595 F.2d 1016, 1020 (5th Cir. 1979). With respect to Charleston's preserved sufficiency challenges, he has not shown that, considering the evidence in a light most favorable to the prosecution, there is insufficient evidence to support the kidnapping and interstate domestic abuse convictions. *See United States v. Vargos-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc); *United States v. Meza*, 701 F.3d 411, 418 (5th Cir. 2012); *United States v. Barton*, 257 F.3d 433, 439 (5th Cir. 2001); 18 U.S.C. § 2261(a)(2).

Charleston has not shown plain error with respect to his argument that the Government engaged in prosecutorial misconduct by eliciting testimony from a law enforcement officer regarding future victims. *See United States v. Davis*, 609 F.3d 663, 677 (5th Cir. 2010); *United States v. Sanders*, 133 F.4th 341, 383 (5th Cir. 2025), *cert. denied*, 2026 WL 1513307 (U.S. June 1, 2026) (No. 6451). To the extent that he argues that the Government also engaged in prosecutorial misconduct by insinuating that a witness may commit perjury or by offering improper prior bad acts or arrest evidence, his arguments are deemed abandoned due to inadequate briefing. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Furthermore, to the extent that Charleston argues that his sentence is substantively unreasonable, our review is for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). He has not shown "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Accordingly, the judgment of the district court is AFFIRMED.